[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11325
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00019-JES-CM-1

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

versus

EDUARDO VICENTI VERA,

                              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2016)

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


Eduardo Vera appeals his 130-month sentence for conspiracy to possess with intent to distribute marijuana and for manufacturing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846. Vera's convictions stem from Vera's involvement in a marijuana-growing operation. On appeal, Vera challenges the district court's application of a two-level obstruction-of-justice enhancement, pursuant to U.S.S.G. § 3C1.1. No reversible error has been shown; we affirm.

In determining whether the district court applied correctly an obstruction-of-justice enhancement, we review for clear error the district court's factual findings and review de novo the court's application of the guidelines to those facts. United States v. Bradberry, 466 F.3d 1249, 1253 (11th Cir. 2006). "Under the clearly erroneous standard, we must affirm the district court unless review of the entire record leaves us with the definite and firm conviction that a mistake has been committed." United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003) (quotation omitted).

2

In pertinent part, section 3C1.1 provides for a two-level increase to the defendant's base offense level if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing" of his offense of conviction, and "(2) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. The Application Notes to section 3C1.1 list examples of conduct warranting the enhancement, including "committing, suborning, or attempting to suborn perjury." Id. § 3C1.1, comment. (n.4(B)).

A defendant's testimony constitutes perjury when the testimony: (1) is made under oath; (2) is false; (3) is material; and (4) is "given with the willful intent to provide false testimony and not a result of mistake, confusion, or faulty memory." United States v. Singh, 291 F.3d 756, 763 n.4 (11th Cir. 2002). For purposes of section 3C1.1, "material . . . means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6).

The record supports the district court's factual determination that Vera committed perjury. At trial, while under oath, Vera denied "absolutely" that he was involved in marijuana cultivation, after being released from jail in November 2011. Two separate witnesses testified, however, about Vera's involvement in a

3

marijuana-growing operation in 2012.  The testimony of these two witnesses contradicted flatly and was irreconcilable with Vera's testimony.  Viewing the record as a whole, we are not left "with the definite and firm conviction" that the district court committed a mistake in determining that Vera testified falsely.  See McPhee, 336 F.3d at 1275.  The district court's determination is further supported by the jury's guilty verdict, which demonstrates necessarily that the jury credited the testimony of the two witnesses over that of Vera.  The district court committed no clear error in determining that Vera perjured himself and, thus, applied properly a two-level enhancement under section 3C1.1.

We reject Vera's contention that his trial testimony constituted only a "general denial of guilt" and, thus, was not subject to the obstruction-of-justice enhancement.  The guidelines provide expressly that "[a] defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), . . . is not a basis for application of" an obstruction-of-justice enhancement.  U.S.S.G. § 3C1.1, comment. (n.2) (emphasis added).  Because Vera's denial of guilt was both made under oath and constituted perjury, Vera's argument that his testimony should be exempted from section 3C.1.1 is without merit.

AFFIRMED.